IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| James E Prater, | Case No. 3:16 CV 140 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Commissioner of Social Security, | |
| Defendant. | |

The Commissioner of Social Security denied Plaintiff James Prater's application for supplemental security income ("SSI"). Prater timely filed a Complaint seeking judicial review of that decision (Doc. 1). This Court has jurisdiction under 42 U.S.C. § 405(g).

This case was referred to Magistrate Judge James Knepp for a Report and Recommendation ("R&R") under Local Rule 72.2(b)(2). Following briefing (Docs. 11, 13, 14, 15), the Magistrate Judge recommends this Court affirm the final decision of the Commissioner denying Prater's claim for SSI and deny Prater's request for remand under sentence six of 42 U.S.C. § 405(g) (Doc. 16).

This matter is now before this Court on Prater's Objection to the R&R (Doc. 18) and the Commissioner's Response (Doc. 19). This Court held oral argument on February 8, 2017 and took the matter under advisement (Doc. 21). This Court has reviewed *de novo* the Magistrate Judge's findings in accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C). For the reasons below, this Court remands this case for further proceedings under sentence six of 42 U.S.C. § 405(g).

**BACKGROUND**

The R&R accurately recites the relevant factual and procedural background, which this Court adopts (Doc. 16 at 1–9). Briefly, Prater was twenty-nine years old at the time of the hearing. He has a twelfth grade education and no past relevant work experience (Tr. 48, 61–63). He claims SSI on the basis of degenerative disc disease, obesity, attention deficit-hyperactivity disorder, major depressive disorder, and social phobia (Tr. 41). This proceeding is limited to review of the denial of benefits based on his physical impairments (Doc. 13).

**STANDARD OF REVIEW**

In reviewing a denial of SSI, this Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citing 42 U.S.C. § 405(g)). "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (citation omitted). The Commissioner's findings "as to any fact if supported by substantial evidence shall be conclusive." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (quoting 42 U.S.C. § 405(g)). Even if substantial evidence, or indeed a preponderance of the evidence, supports a claimant's position, this Court cannot overturn the Commissioner's decision "so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003) (citation omitted).

Alternatively, sentence six of 42 U.S.C. § 405(g) permits this Court to remand the case for further administrative proceedings without ruling on the merits. In conducting a sentence six remand,

this Court does not affirm, reverse, or modify the Commissioner's decision. *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). Further, this Court retains jurisdiction while the matter is remanded; thus, a sentence six remand is not a final judgment that can be appealed. *See id.* To obtain a remand under sentence six, a claimant must show (1) the evidence at issue is both "new" and "material," and (2) there is "good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). The party seeking remand bears the burden of showing these two requirements are met. *Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986).

## DISCUSSION

Prater seeks a sentence six remand to allow the ALJ to consider the report of Dr. Richard Ward, who performed a consultative examination ("CE") of Prater in August 2014, two months after the decision denying benefits. During the May 2014 hearing, Prater asked the ALJ to order a physical consultative exam (Tr. 90–91), as the record included no written evaluation from a physician who examined Prater following his 2012 back surgery. The ALJ denied the request in his June 2014 decision based on his determination that "[w]hile such an examination might produce some information that could be material to the claim, the claimant has by no means demonstrated that a consultative examination is *necessary* to complete an evaluation of the claim of disability in this case" (Tr. 38) (emphasis in original). Following that decision, Prater himself obtained the CE and submitted Dr. Ward's report in support of his administrative appeal (Tr. 8–14). The Appeals Council considered the CE but determined the August 2014 report did "not affect the decision about whether [Prater] was disabled beginning on or before June 20, 2014" (Tr. 2).

3

**New and Material Evidence**

Evidence is "new" if it was "not in existence or available to the claimant at the time of the administrative proceeding." *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990). The Commissioner contends the Ward report was "available" at the time of the decision denying benefits because if Prater believed a CE was necessary to prove his disability, he could have obtained one independently and submitted the results for consideration. This argument is more properly construed as contesting the "good cause" requirement, which this Court discusses in more depth below. Dr. Ward's August 2014 report clearly was not in existence at the time of the June 2014 decision. Thus, it is new evidence.

Evidence is "material" if there is "a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988). A post-decision evaluation is not material if it is cumulative of evidence already in the record, or if it merely shows a worsening condition. *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 277–78 (6th Cir. 2010). In this case, the record before the ALJ included no examining source opinion following Prater's -- apparently unsuccessful -- back surgery in January 2012. Dr. Ward's August 2014 report covers this time period and included more severe restrictions than the 2011 or 2013 Residual Functional Capacity ("RFC") assessments. Accordingly, his opinions are not clearly cumulative of the evidence already in the record, and the ALJ might well have found the report persuasive. *See also* Tr. 38 (noting a CE "might produce some information that could be material to the claim"). Regardless, the Commissioner did not contest the materiality requirement in her Brief on the Merits; she therefore has waived this issue. *Dillery v. City of Sandusky*, 398 F.3d 562, 569 (6th Cir. 2005).

4

**Good Cause**

A claimant shows "good cause" by providing "a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Prater contends he has shown good cause for failing to obtain the CE earlier because he first asked the ALJ to order the evaluation in May 2014, and he received no response to his request until the decision denying benefits in June 2014. The Commissioner responds that an ALJ is not required to order a CE whenever a claimant requests one, and the burden of providing a complete record rests on the claimant. *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 214 (6th Cir. 1986). Prater counters that it would be unreasonable to require him to incur the expense of obtaining a CE independently, without first receiving a response from the ALJ, especially in light of the nature of these proceedings: Prater seeks SSI benefits at least in part due to his limited financial resources.

The Sixth Circuit addressed a similar situation in *Foster v. Halter*. In that case, Foster sought disability insurance benefits and SSI based on a mental impairment. She initially asked the ALJ to order additional testing or expert testimony, but the ALJ did not respond to her requests. *Foster*, 279 F.3d at 357. Foster then asked the district court to remand her case for consideration of a report obtained after the ALJ's decision denying benefits. Citing *Landsaw*, 803 F.2d at 214, the Sixth Circuit held Foster failed to demonstrate good cause for the delay in obtaining the report. *Foster*, 279 F.3d at 357. It also held the report was not material because it was based on insufficient evidence, and therefore was unlikely to affect the ALJ's disposition of the case. *Id.* at 357–58.

However, this case is different in at least one key respect. In *Foster*, the Sixth Circuit did not address whether poverty might constitute good cause for failure to independently obtain the evidence

5

at issue. The Commissioner does not cite, nor has this Court identified, any Sixth Circuit authority resolving this question. *See Sizemore*, 865 F.2d at 711 n.1 ("There does not appear to be any case law on the question of whether a claimant's poverty would constitute good cause for failure to have previously obtained medical evidence."); *but see McClain v. Comm'r of Soc. Sec.*, 2014 WL 517459 (N.D. Ohio 2014) (Order Adopting R&R) (finding no good cause where "Plaintiff failed to explain, legally or otherwise, how poverty or a rural homestead justifies untimely submittal of evidence.").

Certainly, the burden of proving a disability ultimately lies with the claimant. But the ALJ also has a duty to develop the record and conduct a full inquiry into the merits of the case. *See Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1051 (6th Cir. 1983). At a minimum, this must mean allowing the claimant a fair chance to submit a complete record. In this case, Prater asked the ALJ to order a CE at his May 2014 administrative hearing. Had the ALJ advised him -- either at the hearing or afterward, before issuing a decision -- that his request was denied, he could have asked to keep the record open while he decided whether to obtain the CE independently. *See, e.g.*, *Butcher v. Apfel*, No. 2:97-CV-725 (S.D. Ohio 1998) (Sept. 24, 1998 Remand Order) ("Plaintiff requested that the test be administered. The request was not denied until the Administrative Law Judge issued a decision, thus rendering plaintiff unable to obtain the test independently and to submit it prior to that decision."). *Cf. Cline*, 96 F.3d at 149 (denying sentence six remand where claimant's counsel did not request psychiatric examination during or after administrative hearing); *Willis v. Sec'y of Health & Human Servs.*, 727 F.2d 551, 554 (6th Cir. 1984) (denying sentence six remand where ALJ declined to order additional examinations during administrative hearing, and claimant did not seek to keep record open).

Here, Prater was precluded from submitting a complete record based on his limited financial resources and lack of notice from the ALJ. This is a "reasonable justification" for his failure to present Dr. Ward's report, which was not duplicative or cumulative, during the earlier administrative proceeding, and thus constitutes good cause for remand.

## CONCLUSION

This Court remands the case for additional administrative proceedings under sentence six of 42 U.S.C. § 405(g), consistent with this Opinion. This matter is treated as closed for statistical reporting purposes.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

February 14, 2017